People v Franco (2025 NY Slip Op 00119)

People v Franco

2025 NY Slip Op 00119

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-06302

[*1]The People of the State of New York, respondent,
v
Wilfredo Franco, appellant. 

James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Larry J. Schwartz, J.), entered July 21, 2023. The order, after a hearing, designated the defendant a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree (Penal Law § 130.75[1][b]) and sentenced to a determinate term of imprisonment of 10 years, to be followed by a period of postrelease supervision of 10 years. After a hearing conducted pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 75 points, presumptively placing him within the range for a level two designation, and designated him a level two sex offender.
The defendant's contention that a downward departure from his presumptive risk level is warranted based on purported mitigating factors is unpreserved for appellate review, since he did not request a downward departure at the SORA hearing (see People v Pomavilla-Loja, 230 AD3d 1359, 1359; People v Valencia, 225 AD3d 637, 637). In any event, the defendant failed to establish that a downward departure is warranted (see People v Gillotti, 23 NY3d 841, 861; People v Pareja-Hidalgo, 222 AD3d 892, 893; People v Saunders, 209 AD3d 776, 778).
Accordingly, the County Court properly designated the defendant a level two sex offender.
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court